| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br>Court Address:  4000 Justice Way, Suite 2009<br>Castle Rock, CO  80104<br>Phone: 720-437-6200 | DATE FILED: March 6, 2018 1:58 PM<br>FILING ID: 80E30A9DC97E6<br>CASE NUMBER: 2018CV30237 |
| **PLAINTIFFS:  DOROTHY JONES, an individual, and DJ PROPERTIES I, LLC, a Colorado limited liability company,**<br><br>v.<br><br>**DEFENDANT:  SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation.** | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiffs:**<br>Keith Frankl, Atty. Reg No. 12276<br>The Frankl Law Firm, P.C.<br>7400 E. Orchard Road, Suite 225 S.<br>Greenwood Village, CO 80111<br>Telephone:      (303) 300-2029<br>Fax No.:          (303) 300-2059<br>E-mail:            kfrankl@frankllawfirm.com | Case Number:<br><br>Div:   Crtm: |
| **COMPLAINT AND JURY DEMAND** | |

   Plaintiffs, Dorothy Jones and DJ Properties I, LLC (hereinafter collectively "Plaintiffs"), submit the following Complaint and Jury Demand against the Defendant, Safeco Insurance Company of America (hereinafter "Safeco"), stating as follows:

### I.  PARTIES

   1.   Safeco is a foreign corporation whose agent for service of process is The Corporation Service Company located at 1900 W. Littleton Blvd., Littleton, CO  80120.

   2.   Plaintiff Dorothy Jones is an individual who resides at 276 Sylvester Place, Highlands Ranch, Colorado.

   3.   Plaintiff DJ Properties I, LLC ("DJ") is an additional named insured by Safeco, who has an interest in the property whose rights and obligations as a practical effect may be determined in this lawsuit.

Exhibit A

4. DJ Properties, LLC is a Colorado limited liability company whose members are all residents of the state of Colorado.

## II.  JURISDICTION AND VENUE

5. The contract between Plaintiff and Safeco was to insure property located in the County of Douglas, State of Colorado.

6. This Court has jurisdiction and venue is proper pursuant to C.R.C.P. 98.

## III.  FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

8. Safeco issued an insurance policy insuring Plaintiffs for losses including losses caused by vandalism.

9. DJ reported covered losses consisting of vandalism to Safeco.

10. Plaintiffs submitted a claim for loss of rent or rental value, which is also provided for under Safeco's policy of insurance insuring the interests of Plaintiffs.

11. On or about August 1, 2017, Plaintiffs became aware of vandalism that occurred at 25 Dudley Street, Lakewood, Colorado ("the Property").  The vandalism consisted of damage to the Property prior to a break-in at the Property.  The vandalism was caused by tenants and perhaps other unknown people.  This is hereinafter referred to as "vandalism claim."

12. Plaintiffs notified Safeco of a vandalism claim regarding the Property.

13. Plaintiffs also reported a second vandalism claim that occurred as a result of a break in following the eviction or other leaving of the Property by the former tenants.

14. Plaintiffs did not seek damages for wear and tear.

15. Plaintiffs sought damages for two incidents of vandalism which comprised the claim.

16. Safeco reviewed the claim but did not respond at any time.

17. Instead, Safeco responded to the second vandalism claim from a break in.

18. The damage to the Property caused by the vandalism claim cost between $10,000 and $20,000 to repair.

19. Safeco inspected the damage to the Property relating to the claim and impliedly stated it would pay no money.

20. On or about January 11, 2018, Safeco provided its summary of the claim as well as the second vandalism claim.

21. It was unclear what, if anything, Safeco was doing with regard to the claim at the Property.

22. Plaintiffs then requested that Safeco explain what it was going to do regarding the Property.

23. No response was received to the request referenced in the immediately preceding paragraph.

24. At all times relevant, Plaintiffs had a valid policy of insurance whereby Safeco agreed to investigate and pay covered losses in a timely and reasonable manner.

25. Safeco did not estimate and investigate the claims relating to the Property in a timely and reasonable manner.

26. Safeco, for reasons that are unknown, did not properly supervise its employees who were involved with the claim so that each employee knew what was happening with the claim while the claim was being handled by Safeco.

27. On or about February 26, 2018, Safeco was asked whether it would pay additional money for vandalism or loss of rent.

28. On or about February 26, 2018, Safeco stated it would not pay additional money and that its prior estimate was for all vandalism and loss of rent.

29. At all times relevant, Plaintiffs had compensable claims for damages caused by vandalism and for loss of rental income. However, Safeco did not pay for amounts reasonably owed.

30. Plaintiffs requested money for lost rent or lost rental income and Safeco refused to pay for any such loss of rent.

31. Plaintiffs suffered loss of rental income for a reasonable period of time from approximately August 2017 through October 2017, with a rental value of $4,500.00.

## IV.  FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

32. Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

33. Pursuant to the terms of the policy, Safeco is liable to its policyholders, Plaintiffs, and each of them, sums due under the policy for damages caused by vandalism and for loss of rent.

34. The loss of rent owed under the policy is calculated as $2,200.00 dollars per month beginning August 2017 and continuing until October 2017.

35. The amount due for vandalism is not completely known but is estimated to be between $20,000 and $30,000.

36. For damages owed to Plaintiffs as insureds, Safeco should pay sums due for vandalism and lost rent.

## II.  SECOND CLAIM FOR RELIEF
**(By Plaintiff Dorothy Jones Against Safeco - Bad Faith)**

37. Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

38. Plaintiff Dorothy Jones and not DJ Properties is asserting a claim for bad faith.

39. Safeco breached its duty of good faith and fair dealing by acting unreasonably with knowledge that it was acting unreasonably or recklessly disregarding the fact that it was acting unreasonably.

40. Safeco denied claims for vandalism without conducting a reasonable and full investigation, which would have led it to pay claims for vandalism and loss of rent.

41. As a result of the bad faith breach of insurance contract by Safeco, Dorothy Jones suffered.  She incurred emotional distress, anger, and frustration.

## III.  THIRD CLAIM FOR RELIEF
**(Unreasonable Delay by All Plaintiffs)**

42. Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

43. The acts and omissions of Safeco in failing to fully investigate and pay claims for vandalism and loss of rental income resulted in unreasonable denial and delay of Plaintiffs' claims. If claims are paid during the pendency of this lawsuit, they will have been unreasonably delayed.

44. Pursuant to C.R.S. § 10-3-1115-6, Plaintiffs seek judgment for double damages and attorney's fees for unreasonable delay and denial.

## IV.  FIRST CLAIM FOR RELIEF
### (Breach of Contract)

45. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

46. Pursuant to policy, Allstate is liable to Plaintiff for monies due under the policy for covered losses. Plaintiff is entitled to amounts due plus pre-judgment interest at eight percent plus court costs.

## V.  SECOND CLAIM FOR RELIEF
### (Unreasonable Relay and Denial Pursuant to C.R.S. 10-3-1115 and 1116)

47. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

48. Allstate unreasonably delayed and denied claims as referenced in this Complaint.

49. Allstate is liable to Plaintiff for double damages and attorney's fees, and post-judgment interest along with court costs as a result of both unreasonable delay and unreasonable denial of Plaintiff's claims.

## VI.  THIRD CLAIM FOR RELIEF
### (Bad Faith)

50. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

51. Allstate's actions were unreasonable and it knew its actions were unreasonable or recklessly disregarded whether its acts were unreasonable in connection with the handling of this claim.

52. Allstate, in bad faith, handled Plaintiff's claim, thereby causing Plaintiff damages such as the costs of repair of covered losses under the Allstate policy which covered the property.

53. Allstate's conduct caused aggravation, annoyance, and distress to Plaintiff.

54. For bad faith, Plaintiff seeks economic and non-economic damages as may be recoverable under Colorado law, to be set forth within disclosure documents.

55. For bad faith, Plaintiff seeks compensatory damages, pre-judgment interest, expenses and costs, as well as post-judgment interest.

56. Plaintiff reserves the right to exert a claim for exemplary damages.
'
WHEREFORE, Plaintiff prays for compensatory damages on all claims, pre-judgment interest as is allowed on all claims (except for unreasonable delay), and post-judgment on all claims, double damages, attorney's fees, costs, and expenses, and for such other and further relief as the Court deems proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY A JURY OF SIX (6).

Dated: March 6, 2018                 Respectfully submitted,

                                     THE FRANKL LAW FIRM, P.C.


                                     */s/ Keith Frankl*
                                     Keith Frankl
                                     *Attorneys for Plaintiff*


Plaintiffs' Address:
Dorothy Jones
DJ Properties I, LLC
276 Sylvester Place
Highlands Ranch CO 80139